UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 OCT -4  P 12: 59
U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| NATIONAL SURETY CORPORATION : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 3:02CV976 (WWE) |
| : | |
| vs. : | |
| : | |
| STEADFAST INSURANCE COMPANY, : | |
| NATIONAL RAILROAD PASSENGER : | |
| CORPORATION d/b/a AMTRAK, METRO : | |
| NORTH COMMUTER RAILROAD : | |
| COMPANY, DUCCI ELECTRICAL : | |
| CONTRACTORS, INC. and NATIONAL : | |
| UNION FIRE INSURANCE COMPANY OF : | |
| PITTSBURGH, PA : | |
| Defendants. : | September 30, 2004 |

## MOTION FOR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(b)(2)(A)

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), the plaintiff, National Surety Corporation ("NSC"), through counsel, hereby moves for an order seeking a finding that Ducci Electrical Contractors, Inc. was a "designated contractor" as that term is used in the Railroad Protective Liability Policies issued by defendant Steadfast Insurance Company under Policy No. SCO 3649220-03 and National Union Fire Insurance Company of Pittsburgh, PA under Policy No. RM GL 3199367 for the project known as the Construction of the New Haven Interlocking Reconfiguration at New Haven, Connecticut during the time period of January 1, 1999 to December 31, 1999. NSC requests this finding on the basis that (1) Steadfast has provided incomplete/inadequate responses to NSC's interrogatories and requests for production dated October 28, 2003; (2) defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") has filed no responses to this discovery.

*No Oral Argument Requested*

NSC is forced to make this motion despite the fact that this Court granted NSC's motion to compel responses from the defendants on April 7, 2004 (**Exhibit A**), and that NSC's counsel requested compliance with this discovery after issuance of the court's Order (**Exhibit B**).

By way of background, this declaratory judgment action seeks a judicial determination of the allocation of insurance coverage for the defendants National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak") and Metro North Commuter Railroad Company ("Metro North") relating to two pending personal injury cases, as well as the respective defense obligations owed by the plaintiff and the defendants Steadfast and National Union to Amtrak and Metro North in those cases. The dispute generally concerns Railroad Protective Liability Policies issued by Steadfast and National Union and additional insured coverage for the defendants Amtrak and Metro North under a Commercial General Liability Policy issued by the plaintiff.

On or about October 28, 2003, the plaintiff served interrogatories and requests for production of the defendants. On January 15, 2004, the undersigned counsel wrote to counsel for the defendants requesting compliance with this discovery (**Exhibit C**). Having received no word from the defendants on their efforts to comply with this discovery, on March 1, 2004 the plaintiff filed and served a Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a)(2)(B). This Court granted the plaintiff's motion on April 7, 2004. (**Exhibit A**). Thereafter, the undersigned wrote to defense counsel advising them of this Court's Order and, again, demanding compliance. (**Exhibit B**). To date, National Union has not responded in any fashion to this discovery.

While Steadfast did eventually serve responses, these responses were wholly inadequate. NSC's simple straightforward question in the second of its two Interrogatory questions directed to Steadfast is as follows: "Please identify any and all individuals and/or entities which were 'designated contractors'

as that term is used in the Railroad Protective Liability Policy issued by Steadfast Insurance Company under Policy No. SCO 3649220-03 for the project known as the Construction of the New Haven Interlocking Reconfiguration at New Haven, Connecticut during the time period of January 1, 1999 to December 31, 1999." Steadfast responded to this interrogatory with the following: "The designated contractors are contractors designated as such in the STEADFAST policy, a copy of which is attached." (A copy of Steadfast's Response to Interrogatories is attached hereto as **Exhibit D**).

Steadfast's response to this discovery is wholly inadequate because the Declarations Page of the Steadfast policy lists as the designated contractor: "**Item: 3. Designated Contractor: Various.**" There is no elaboration by Steadfast as to who these various "designated contractors' may be. A central issue in this case – one for which this interrogatory sought to address - is whether Ducci Electrical Contractors, Inc. is a "designated contractor" under the National Union and Steadfast policies, thus aiding in the determination of which carriers are "primary" and which are "excess" under the various policies at issue in this litigation.

In fact, the issue of whether Ducci Electrical Contractors, Inc. was a "designated contractor" under the Steadfast policy has been outstanding since the beginning of this lawsuit. Early on in the litigation NSC and Steadfast informally exchanged discovery, including Steadfast's production of the <u>identical</u> policy which they now provide in response the NSC's formal discovery. *See*, Letter dated March 5, 2003 from Steadfast's counsel attached hereto as **Exhibit E**. The undersigned responded to Steadfast's March 5th document production by requesting, again, those documents which identify the "designated contractors" under the Steadfast policy. **Exhibit F**. It was only after Steadfast failed to respond to this inquiry that NSC served its Interrogatories and Requests for Production which, as set forth above, were responded to in an wholly unacceptable fashion.

-3-

What is abundantly clear is that the information requested about Ducci Electrical Contractors, Inc. status as a "designated contractor" under the Steadfast policy is within the knowledge, possession and power of Steadfast, Amtrak and/or Metro North to provide. Why they have not responded to this discovery request in a timely and complete fashion is a mystery.

Under the most recent scheduling order of this court, the deadline for discovery has passed. Thus, in light of, in one instance, the lack of response, and in the other, the inadequacy of the response, NSC requests a finding from this Court that Ducci Electrical Contractors, Inc. was a "designated contractor" for the purposes of their respective policies.

The undersigned counsel certifies that the movant has in good faith conferred or attempted to confer with counsel for the defendants in an effort to secure the information and/or materials without the need of Court intervention through prior correspondence and the previous motion referenced above.

**WHEREFORE**, plaintiff requests that this Court make a finding that Ducci Electrical Contractors, Inc. was a "designated contractor" as that term is used in the Railroad Protective Liability Policies issued by defendant Steadfast Insurance Company under Policy No. SCO 3649220-03 and National Union Fire Insurance Company of Pittsburgh, PA under Policy No. RM GL 3199367) for the project known as the Construction of the New Haven Interlocking Reconfiguration at New Haven, Connecticut during the time period of January 1, 1999 to December 31, 1999.

THE PLAINTIFF,
NATIONAL SURETY CORPORATION

By: _____
Darren P. Renner, Esq. (ct15901)
Lustig & Brown, LLP
1177 Summer Street
Stamford, CT 06905
Phone No. 203-977-7840
Fax No. 203-977-8649

## CERTIFICATE OF SERVICE

Pursuant to D.Conn.L.Civ.R.5, this is to certify that a copy of the foregoing has this date been mailed, postage prepaid to the following:

Mike Reynolds, Esq.
WHITE FLEISCHNER & FINO
140 Broadway, 36th Floor
New York, NY 10005

Jane S. Bietz, Esq.
NUZZO & ROBERTS
One Town Center
P.O. Box 747
Cheshire, CT 06410

_____
Darren P. Renner, Esq.