UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

FILED

2004 OCT 25 P 12: 59

U.S. DISTRICT COURT

NATIONAL SURETY CORPORATION,

            Plaintiff,

Case No:

:3:02cv976WWE

VS.

STEADFAST INSURANCE COMPANY,
NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK, METRO
NORTH COMMUTER RAILROAD COMPANY,
DUCCI ELECTRICAL CONTRACTORS, INC., and
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA
            Defendants.

**ANSWER**

Defendants, STEADFAST INSURANCE COMPANY, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and METRO NORTH COMMUTER RAILROAD COMPANY, by its attorneys, WHITE FLEISCHNER & FINO, LLP, as and for their answer to the plaintiff's complaint, respectfully allege:

**AS TO THE PARAGRAPHS DESIGNATED**
**FIRST COUNT**

1. Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered 1.

2. Denies the allegations set forth in paragraph numbered 2 of the Complaint except admits that STEADFAST is a Delaware corporation with a principal place of business located at 1400 American Lane, Schaumburg Illinois.

3. Denies the allegations set forth in paragraph numbered 3 of the Complaint except admits that at all times hereinafter mentioned, National Railroad Transportation Corporation d/b/a

AMTRAK ("AMTRAK") is a foreign corporation formed pursuant to the laws of the District of Columbia.

4. Denies the allegations set forth in paragraph numbered 4 of the Complaint except admits that defendant METRO NORTH COMMUTER RAILROAD ("METRO NORTH") is a corporation duly organized, created and existing under the laws of the State of New York.

5. Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered 5.

6. Denies the allegations set forth in paragraph numbered 6 of the Complaint except admits that DUCCI and the State of Connecticut Department of Transportation ("CT DOT") entered into a contract ("subject contract") for certain electrical work to be performed at the railyard located in New Haven, Connecticut. Defendants incorporate the terms and conditions of the DUCCI contract as well as the contract between AMTRAK/METRO NORTH and the CT DOT herein by reference.

7. Denies the allegations set forth in paragraph numbered 7 of the Complaint except admits that the parties entered into various contracts, the meaning and interpretation of which are reserved for the court as questions of law.

8. Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered 8

9. Denies the allegations set forth in paragraph numbered 9 of the Complaint except admits that Chapman filed a lawsuit entitled *Robert Chapman vs. Metro North Commuter Railroad, Docket No. CV-00-0271767-S* ("*Chapman* suit").

10. Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered 10.

11. Denies the allegations set forth in paragraph numbered 11 of the Complaint except admits that Gargano filed a lawsuit entitled Michael Gargano v. National Railroad Passenger Corporation d/b/a AMTRAK, case number 300 CV 1477 ("*Gargano* suit")

12. Denies knowledge and information sufficient to form a belief as to those allegations set forth in paragraph numbered 12.

13. Denies the allegations set forth in paragraph numbered 13 of the Complaint except admits that STEADFAST issued a Railroad Protective Liability Policy to AMTRAK and METRO NORTH the terms and conditions of which are incorporated herein by reference.

14. Denies each and every allegation set forth in paragraph numbered 14 and leaves all matters of law to the honorable court.

15. Denies each and every allegation set forth in paragraph numbered 15 and leaves all matters of law to the honorable court.

16. Denies each and every allegation set forth in paragraph numbered 16 and leaves all matters of law to the honorable court.

17. Denies the allegations set forth in paragraph numbered 17 of the Complaint except admits that NATIONAL SURETY CORPORATION sent a letter on or about February 20, 2001 regarding the defense of METRO NORTH and AMTRAK in the underlying *Gargano* and *Chapman* actions. The defendants incorporate the contents of that letter herein by reference.

18. Denies each and every allegation set forth in paragraph numbered 18 and leaves all matters of law to the honorable court.

19. Denies each and every allegation set forth in paragraph numbered 19 and leaves all matters of law to the honorable court.

20. Denies each and every allegation set forth in paragraph numbered 20 of the Complaint.

21. Denies each and every allegation set forth in paragraph numbered 21 of the Complaint.

22. Denies each and every allegation set forth in paragraph numbered 22 of the Complaint.

23. Denies each and every allegation set forth in paragraph numbered 23 of the Complaint.

## AS A FOR A FIRST AFFIRMATIVE DEFENSE

24. The Other Insurance Clause of the NATIONAL SURETY policy CGL form provides:

If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

a. Primary Insurance
This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

b. Excess Insurance. This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:
(1) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for your work;
(2) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or
(3) If the loss arises out of the maintenance or use of aircraft autos or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).

Where coverage is primary, the Other Insurance provision of the NATIONAL SURETY CGL form, like the Other Insurance provision of the STEADFAST policy, permits contribution by equal shares.

25. The NATIONAL SURETY policy's CGL Form is Amended by two separate, conflicting Endorsements. First, Endorsement CG70890792 ("Other Insurance Amendment Endorsement) broadly renders the STEADFAST policy coverage excess and provides in pertinent part that:

A. Under Section IV- Commercial General Liability Conditions:
(1) Condition 4. is amended by changing the entire condition as follows:
4. Other Insurance
If other valid and collectible insurance is available to any insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

This insurance is excess over any other liability insurance available to any insured....

26. The second amendatory endorsement, CG 00550397 ("Amendment of Other Insurance

Condition [Occurrence Version]") renders coverage excess only under certain limited circumstances, none of which are applicable herein, and provides in relevant part:

Paragraph 4.b. of the Other Insurance Condition - (Section IV - Commercial General Liability Conditions) is replaced by the following:
4. Other Insurance
This insurance is excess over:
(1) Any of the other insurance, whether primary, excess, contingent or on any other basis;
(a) That is Fire, Extended Coverage, builder's Risk, Installation Risk or similar coverage for your work;
(b) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner; or
(c) If the loss arises out of the maintenance or use of aircraft autos or watercraft to the extent not subject to Exclusion g. of Coverage A (Section I).
(2) Any other primary insurance available to you covering liability for damages arising out of the premises or operations for which you have been added as an additional insured by attachment of an endorsement.

27. The ambiguity created by these separate, conflicting endorsements must be resolved in favor of the broadest coverage for the insured entities, i.e., AMTRAK and METRO NORTH and therefore, Endorsement CG00550397, which, like the main CGL coverage form of the NATIONAL SURETY policy, renders the NATIONAL SURETY policy coverage primary for the *Gargano* and *Chapman* claims, is the controlling Endorsement.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

28. The insurance coverage, if any, provided by defendant STEADFAST, is excess over and above any other insurance coverage.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

29. Pursuant to the terms of the "other insurance" condition in the policy of insurance alleged in the Complaint, the insurance coverage, if any, provided by defendant STEADFAST contributes at best, by equal shares with any other insurance coverage, including the coverage afforded by the NATIONAL SURETY commercial general liability policy.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

30. Defendant DUCCI ELECTRICAL CORP. is not a designated contractor on the

STEADFAST policy of insurance.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

31. This action is barred or limited by the equitable doctrine of waiver based upon plaintiff NATIONAL SURETY'S assumption of the defense of AMTRAK and METRO NORTH in the underlying lawsuits pursuant to a defective/inadequate/incomplete/improperly and thereafter improperly rescinded Reservation of Rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32. This action is barred or limited by the equitable doctrine of estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

33. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

34. All of the parties to this litigation intended for the NATIONAL SURETY general liability policy issued to DUCCI to constitute the primary insurance available to AMTRAK, METRO NORTH and DUCCI for claims arising out of DUCCI'S performance of the contract work.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

35. This action is barred by the equitable doctrine of unclean hands.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

36. This action is barred by the equitable doctrine of laches.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANT DUCCI ELECTRICAL CONTRACTORS, INC.

37. That if plaintiff herein and the plaintiffs in the underlying action were caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, misfeasance or nonfeasance, of co-

defendant DUCCI ELECTRICAL CONTRACTORS, INC., its agents, servants and/or employees, and not by these answering defendants, and if any judgment is recovered by plaintiff(s) against these answering defendants, either in this declaratory judgment action or in the underlying *Gargano* and *Chapman* actions, such defendant will be damaged thereby, and co-defendant, DUCCI ELECTRICAL CONTRACTORS, INC will be responsible therefore in whole or in part.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANT DUCCI ELECTRICAL CONTRACTORS, INC.

38. That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is recovered by the plaintiff(s) against these answering defendants, that under a contract entered into between AMTRAK and the State of Connecticut Department of Transportation, the co-defendant, DUCCI ELECTRICAL CONTRACTORS, INC., will be liable over to these answering defendants pursuant to the terms of the indemnity agreement in said contract, for the full amount of any verdict or judgment awarded to the plaintiff(s) against this answering defendant, together with attorneys fees, costs and disbursements.

### AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANT DUCCI ELECTRICAL CONTRACTORS, INC.

39. That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is recovered by the plaintiff(s) against these answering defendant, that under a contract entered into between AMTRAK and the State of Connecticut Department of Transportation, the co-defendant, DUCCI ELECTRICAL CONTRACTORS, INC., will be liable over to these answering defendants pursuant to the terms of the insurance-procurement agreement in said contract, for

the full amount of any verdict or judgment awarded to the plaintiff(s) against this answering defendant, together with attorneys fees, costs and disbursements.

### AS AND FOR A FOURTH CROSS-CLAIM AGAINST CO-DEFENDANT DUCCI ELECTRICAL CONTRACTORS, INC.

40.   That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is recovered by the plaintiff(s) against these answering defendant, that under a contract entered into between AMTRAK and the State of Connecticut Department of Transportation, the co-defendant, DUCCI ELECTRICAL CONTRACTORS, INC., will be liable over to these answering defendants based upon its violation of the terms of the insurance-procurement agreement in said contract, for the full amount of any verdict or judgment awarded to the plaintiff(s) against this answering defendant, together with attorneys fees, costs and disbursements.

### AS AND FOR A FIFTH CROSS-CLAIM AGAINST CO-DEFENDANT DUCCI ELECTRICAL CONTRACTORS, INC.

41.   That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is recovered by the plaintiff(s) against these answering defendant, that under a subcontract entered into between the State of Connecticut Department of Transportation and DUCCI ELECTRICAL CONTRACTORS, INC., the co-defendant, DUCCI ELECTRICAL CONTRACTORS, INC., will be liable over to these answering defendants pursuant to the terms of the indemnity agreement in said contract, for the full amount of any verdict or judgment awarded to the plaintiff(s) against this answering defendant, together with attorneys fees, costs and disbursements.

### AS AND FOR A SIXTH CROSS-CLAIM AGAINST CO-DEFENDANT DUCCI ELECTRICAL CONTRACTORS, INC.

42. That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is recovered by the plaintiff(s) against these answering defendant, that under a subcontract entered into between The State of Connecticut Department of Transportation and DUCCI ELECTRICAL CONTRACTORS, INC., the co-defendant, DUCCI ELECTRICAL CONTRACTORS, INC., will be liable over to these answering defendants pursuant to the terms of the insurance-procurement agreement in said contract, for the full amount of any verdict or judgment awarded to the plaintiff(s) against this answering defendant, together with attorneys fees, costs and disbursements.

### AS AND FOR A SEVENTH CROSS-CLAIM AGAINST CO-DEFENDANT DUCCI ELECTRICAL CONTRACTORS, INC.

43. That if plaintiff(s) was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is recovered by the plaintiff(s) against these answering defendant, that under a subcontract entered into between The State of Connecticut Department of Transportation and DUCCI ELECTRICAL CONTRACTORS, INC., the co-defendant, DUCCI ELECTRICAL CONTRACTORS, INC., will be liable over to these answering defendants based upon its violation of the terms of the insurance-procurement agreement in said contract, for the full amount of any verdict or judgment awarded to the plaintiff(s) against this answering defendant, together with attorneys fees, costs and disbursements.

## AS AND FOR A FIRST COUNTER-CLAIM AGAINST PLAINTIFF NATIONAL SURETY CORPORATION

44. Based upon the respective terms and provisions of the NATIONAL SURETY and STEADFAST INSURANCE COMPANY policies, as well as the intent of the parties that contractual claims against DUCCI in the underlying actions would be encompassed by the primary coverage afforded by the NATIONAL SURETY policy, the NATIONAL SURETY policy provides primary coverage to AMTRAK and METRO NORTH and the STEADFAST policy provides excess coverage. At best, STEADFAST is a coinsurer with NATIONAL SURETY whose policy contributes by equal shares.

45. AMTRAK, METRO NORTH and STEADFAST are therefore entitled to a declaratory judgment (1) that STEADFAST is not obligated to defend AMTRAK and METRO NORTH in the underlying *Gargano* and *Chapman* lawsuits, (2) that the NATIONAL SURETY policy provides primary coverage to AMTRAK and METRO NORTH and therefore, NATIONAL SURETY is obligated to continue providing AMTRAK and METRO NORTH with a defense in the underlying actions, and (3) that the STEADFAST policy is excess to the NATIONAL SURETY policy or at best, contributes by equal shares.

WHEREFORE, the defendants STEADFAST INSURANCE COMPANY, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a/ AMTRAK and METRO NORTH COMMUTER RAILROAD COMPANY claim:

A judgment declaring that:

(1) The NATIONAL SURETY CORPORATION policy provides primary coverage to AMTRAK and METRO NORTH for the claims asserted against them in the underlying *Gargano* and *Chapman* lawsuits;

(2) Any coverage provided by STEADFAST to AMTRAK and METRO NORTH for the claims asserted in the *Gargano* and *Chapman* lawsuits is excess to or coinsurance with the coverage afforded by the NATIONAL SURETY CORPORATION policy;

(3) STEADFAST has no duty to defend AMTRAK and METRO NORTH for the claims asserted in the *Chapman* and *Gargano* lawsuits pursuant to the terms and conditions of the respective policies; and

(4) The Complaint is dismissed as against these answering defendants, together with the costs and disbursements of this action.

Dated: New York, New York
July 9, 2002

        Yours, etc.

        WHITE, FLEISCHNER & FINO

        By: _____
             Alisa Dultz
        Federal Bar No.: CT17662
        Juris No.: 402964
        ATTORNEYS FOR DEFENDANTS
        STEADFAST INSURANCE COMPANY,
        NATIONAL RAILROAD PASSENGER
        CORPORATION d/b/a AMTRAK, and
        METRO NORTH COMMUTER
        RAILROAD COMPANY
        140 Broadway
        New York, NY 10005
        (212) 487-9700
             -c/o-
        Law Office of Nancy Lyness, Esq.
        110 Thunder Lake Road
        Wilton, CT 06897
        File:210-9309

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

NATIONAL SURETY CORPORATION,

                Plaintiff,

VS.

STEADFAST INSURANCE COMPANY,
NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK, METRO
NORTH COMMUTER RAILROAD COMPANY,
and DUCCI ELECTRICAL CONTRACTORS,
INC.,

                Defendants.

Case No:

3:02cv976WWE

## CERTIFICATE OF MAILING

This is to certify that a copy of the foregoing was mailed via overnight mail to the United States District Court for the District of Connecticut, New Haven Division, and to all counsel of record on this 9th day of July 2002, at the following addresses:

Darren P. Renner, Esq.
Lustig & Brown, LLP
Attorneys for Plaintiff
1150 Summer Street
Stamford, CT 06905

Mulvey, Oliver & Gould
Attorneys for Defendant Ducci Electrical Contactors, Inc.
83 Trumball Street
New Haven, Connecticut 06511

United States District Court
for the District of Connecticut
Bridgeport Division
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

_____
Alisa Dultz
Juris No. 402964
Federal Bar No.: CT17662