UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT
NATIONAL SURETY CORPORATION,        X

                Plaintiff,

CIVIL ACTION NO.:
3:00cv1477 (WWE)

         -against-

STEADFAST INSURANCE COMPANY,
NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK, METRO
NORTH COMMUTER RAILROAD COMPANY,
DUCCI ELECTRICAL CONTRACTORS, INC., and
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA,

                Defendants.    X

**OPPOSITION TO THE PLAINTIFF'S MOTION FOR AN
PURSUANT TO FED. R. CIV. P. 37(b)(2)(A)**

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), the plaintiff seeks a ruling from the court that Ducci Electrical Contractors, Inc. was a "designated contractor" as that term is used in the policies of insurance issued by the defendants Steadfast Insurance Company ("Steadfast") and National Union Fire Insurance Company of Pittsburgh, Pa ("National Union").

For the reasons which follow, the court should in all respects deny the plaintiff's motion . Fed. R. Civ. P. 37(b)(2) (a) is in the nature of a penalty for a party's willful failure to disclose. It provides in pertinent part:

Rule 37. Failure to Make or Cooperate in Discovery; Sanctions
***
(b) Failure to comply with order.
  ***
 (2) Sanctions by Court in Which Action Is Pending. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.

In the case at bar, Steadfast furnished the plaintiff with responses to the plaintiff's discovery demands (incorporated herein by reference to Exhibit D to the plaintiff's motion), as it was required to do pursuant to the Court's April 7, 2004 Order and Decision. Prior to the making of its instant motion, the plaintiff did not at any time subsequent to its receipt of Steadfast's responses ever object to, either formally or otherwise, the sufficiency and/or adequacy of Steadfast's responses.

Indeed, while it had a duty to speak in the event it was dissatisfied with Steadfast's discovery responses, the plaintiff never sought any clarification or amplification of Steadfast's responses, nor did it request further elaboration and/or elucidation. Absent any pre-existing challenge to the adequacy of Steadfast's responses at any time prior to the making of its instant motion , or at any time within the deadline for the completion of discovery, the relief sought by the plaintiff in its instant motion is entirely unwarranted.

In fact, Steadfast maintains:

(1) that by its silence, delay and failure to act at or around the time it received Steadfast's discovery responses last April, National Surety has already acquiesced to and accepted as sufficient the discovery responses which Steadfast provided;

(2) that National Surety has therefore waived[1] any right to either challenge the sufficiency of Steadfast's responses or to pursue the relief it currently seeks from this court; and

(3) that if National Surety intends to establish that Ducci was in fact a "designated

---

[1] Waiver, which refers to the voluntary relinquishment of a known right, need not be express, but rather, may consist of acts or conduct from which a waiver may be implied . . .may be inferred from a party's conduct. A party's inaction and/or failure to object when an objection is warranted can give rise to a waiver. *Schmidt v. McLaughlin*, 1997 Conn. Super. LEXIS 2648 (Conn. Super. Ct. Sept. 30, 1997, *Gray v. Gray*, 2003 Conn. Super. LEXIS 1224 (Conn. Super. Ct. Apr. 17, 2003)

contractor" within the intendment of the Steadfast and National Union policies, the proper method would have been through depositions of representatives Steadfast and National Union, rather than by intervention of this court.

WHEREFORE, defendant Steadfast requests that this court in all respects deny the plaintiff's application for a finding by this court that Ducci is a "designated contractor" as that term is used iin the Railroad Protective Liability Policies issued by defendant Steadfast for the project known as the Construction of the New Haven Interlocking Reconfiguration at New Haven, CT.

        THE DEFENDANT
        STEADFAST INSURANCE COMPANY

        By its attorneys

        Michael P. Reynolds
        Federal Bar ID:  CT23852
        WHITE FLEISCHNER & FINO, LLP
        140 Broadway - 36th Floor
        New York, New York 10005
        Tel: (212)  487-9700
        Fax: (212) 487-9777
        Our File No.: 210-9309

TO:   (See Attached Certificate of Service)

**CERTIFICATE OF SERVICE**

     Pursuant to D.Conn.L.Civ.R.7(e), this is to certify that a copy of the foregoing has this date been mailed, via overnight mail to the following:

Anthony Nuzzo, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410

Darren P. Renner, Esq.
LUSTIG & BROWN, LLP
1150 Summer Street
Stamford, CT 06905
Tel: 203-977-7840

United States District Court
for the District of Connecticut
Bridgeport Division
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

                                                        MICHAEL P. REYNOLDS