UNITED STATED DISTRICT COURT
DISTRICT OF CONNECTICUT

NATIONAL SURETY CORPORATION,          X

                    Plaintiff,

         -against-

STEADFAST INSURANCE COMPANY,
NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK, METRO
NORTH COMMUTER RAILROAD COMPANY,
DUCCI ELECTRICAL CONTRACTORS, INC., and
NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA,

                    Defendants.          X

CIVIL ACTION NO.
3:00cv1477 (WWE)
3:02CV976

FILED
2004 OCT 21 A 9:31
U.S. DISTRICT COURT
BRIDGEPORT, CO.

### DEFENDANT STEADFAST INSURANCE COMPANY'S MOTION FOR AN EXTENSION OF TIME TO: (1) RESPOND TO PLAINTIFF'S MOTION; (2) RESPOND TO DISCOVERY REQUESTS and (3) JOIN ADDITIONAL PARTIES

Pursuant to D. Conn. L. Civ.R. 7, defendant Steadfast Insurance Company hereby joins in plaintiff National Surety Corporation's motion for extensions of time with respect to the dates set forth in the scheduling order. Steadfast also seeks an extension of time until November 3, 2004 to respond to the plaintiff's motion for an order, dated September 30, 2004, which seeks a ruling that Ducci Electrical Contractors, Inc., is a "designated contractor" within the meaning of the National Union and Steadfast policies of insurance. The relief sought represents a further modification of the scheduling orders set forth in the Parties' Planning Meeting Report. In support hereof, the undersigned counsel represents the following:

    1.    This matter concerns a declaratory judgment action regarding various insurance policies obtained in connection with a railroad construction project.

    2.    Prior to the start of the declaratory judgment action, a civil action for personal injuries was commenced by Mr. and Mrs. Michael Gargano. Mr. Gargano's employer, Ducci

Contracting, was joined as a defendant in that action.

3. Trial of the underlying <u>Gargano</u> personal injury action is imminent, jury selection has already commenced and the trial is scheduled to begin on November 1, 2004. The parties to the underlying action have been actively endeavoring to simultaneously settle both the personal injury action and the instant coverage action, in lieu of proceeding to trial. In the event the settlement is accomplished, it will moot National Surety's motion in its entirety. Therefore, in order to conserve the court's valuable time and judicial resources, as well as the expense to Steadfast in prematurely responding to a motion which may be rendered moot in the very near future, Steadfast requests an extension of time until November 3, 2004 with respect to the time in which it must serve and file a response to plaintiff National Surety's motion.

4. Additionally, on September 17, 2004 Ducci moved for summary judgment in the underlying action, claiming that it was not responsible for either the plaintiff's injury or to Metro North with respect to the third-party claims asserted against it. The motion contained references to a policy of insurance issued by non-party Cigna, to Ducci.

5. Prior to the filing of this motion in the underlying <u>Gargano</u> matter, Steadfast was unaware of the existence of this policy. Steadfast did make a demand for insurance information in connection with the instant coverage action before the court. The Cigna policy information was not included in that discovery.

6. Steadfast has endeavored to obtain a copy of the Cigna policy, as it may have significant bearing upon the issues central to this coverage litigation. It must be noted that Ducci's contract with the Connecticut Department of Transportation ("CDOT") required the electrical contractor (Ducci) to provide $25,000,000 (twenty-five million dollars) in general liability

2

insurance. The Cigna umbrella policy does not appear to represent this type of insurance and therefore raises serious questions regarding Ducci's compliance with the insurance procurement provisions of the CDOT contract. The type of insurance is crucial since it now appears that Ducci only had $1,000,000 (one million dollars) in primary general liability coverage.

7.  In light of this most recent development, it is respectfully requested that discovery be extended through February 1, 2005. This extension is necessary to allow for discover and any necessary and required joinder in connection with the Cigna policy and any other carriers who may surface in connection with the umbrella policy and any other additional insurance policies or products connected with the project on the date of the Gargano accident.

        THE DEFENDANT
        STEADFAST INSURANCE COMPANY

        By its attorneys

        Michael P. Reynolds
        Federal Bar ID: CT23852
        WHITE FLEISCHNER & FINO, LLP
        140 Broadway - 36th Floor
        New York, New York 10005
        Tel: (212) 487-9700
        Fax: (212) 487-9777
        Our File No.: 210-9309-BAF/NDL

TO:  (See Attached Certificate of Service)

## CERTIFICATE OF SERVICE

    Pursuant to D.Conn.L.Civ.R.7(e), this is to certify that a copy of the foregoing has this date been mailed, via overnight mail to the following:

Anthony Nuzzo, Esq.
Nuzzo & Roberts, LLC
One Town Center
P.O. Box 747
Cheshire, CT 06410

Darren P. Renner, Esq.
LUSTIG & BROWN, LLP
1150 Summer Street
Stamford, CT 06905
Tel: 203-977-7840

United States District Court
for the District of Connecticut
Bridgeport Division
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

                                        _____
                                        MICHAEL P. REYNOLDS